STATE OF NORTH CAROLINA v. JONATHAN McNEIL HORN

No. 552PA93

(Filed 29 July 1994)

### Evidence and Witnesses § 2522 (NCI4th)— rape—mentally handicapped victim—requirement of psychological evaluation—no authority

The trial court erred in a prosecution for the sexual assault of a nineteen-year-old mentally handicapped female by appointing a licensed psychologist to examine the victim and directing the psychologist to testify if called as a witness. Although this Court has not addressed the question of whether a trial judge has the discretion to compel a victim to submit to a psychological examination in the context of an indictment alleging rape based solely upon the victim's mental condition, to allow a trial judge to compel the victim of a crime to submit to a psychological examination in the interest of a defendant's defense would violate the public policy designed to protect victims from further intrusion into their private lives and would discourage victims of crimes from reporting such offenses. The victim's rights to privacy and protection from further invasion and trauma are compelling, and this case does not call for a departure from precedent established by the Supreme Court. There are several alternatives available to the

trial judge should a victim refuse to voluntarily submit to a psychological examination necessary to a defendant's defense.

**Am Jur 2d, Witnesses § 84.**

**Appealability of state criminal court order requiring witness other than accused to undergo psychiatric examination. 17 ALR4th 867.**

**Necessity or permissibility of mental examination to determine competency or credibility of complainant in sexual offense prosecution. 45 ALR4th 310.**

On discretionary review pursuant to N.C.G.S. § 7A-31 upon the State's petition, and subsequent to denial of review by the Court of Appeals, of an order entered by Martin (Lester, P., Jr.), J., at the 11 October 1993 Criminal Session of Superior Court, Iredell County, requiring a victim of rape, sexual offense, and crimes against nature to submit to psychological testing. Heard in the Supreme Court 12 May 1994.

*Michael F. Easley, Attorney General, by Ellen B. Scouten, Assistant Attorney General, for the State-appellant.*

*E. Bedford Cannon for defendant-appellee.*

MEYER, Justice.

In January 1993, the Troutman Police Department and the Iredell County Sheriff's Department began an investigation of an alleged sexual assault of Sharon Andrews, a nineteen-year-old mentally handicapped female. After interviewing Andrews, officers obtained a warrant to search defendant Jonathan McNeil Horn's residence. Upon searching defendant's residence, officers seized a videotape depicting a number of male subjects engaged in various sexual acts with Andrews. Defendant then gave investigators a statement indicating his involvement in sexual acts with Andrews on several occasions.

On 17 May 1993, an Iredell County grand jury indicted defendant on two counts of second-degree rape, six counts of second-degree sexual offense, and two counts of crime against nature for performing sexual acts with Andrews, "who was at the time mentally defective."

Kay Dignan, a psychologist for the Winston-Salem/Forsyth County Schools, had previously examined Andrews when she was fifteen

years old. At that time, Dignan found Andrews to be mildly mentally deficient and that she possessed the IQ and visual-motor skills of a nine and one-half year old.

Prior to filing any charges, the Troutman Police Department asked psychologist Patrick Sullivan to examine Andrews. Sullivan concluded that Andrews was mentally handicapped. He found her to be mildly mentally retarded, severely emotionally immature, and easily influenced and manipulated.

During pretrial discovery, the State provided copies of both psychological evaluations to defendant.

On 11 October 1993, defendant filed a motion for appointment of an independent psychologist and requested that Andrews be ordered to submit to psychological testing. The motion was heard by Judge Lester P. Martin, Jr., at the 11 October 1993 Criminal Session of Superior Court, Iredell County. On 1 November 1993, Judge Martin entered an order appointing a licensed psychologist and directing her to examine Andrews and to testify, if called as a witness, concerning Andrews' mental capacity.

On 15 November 1993, the State applied to the Court of Appeals for a writ of certiorari, a writ of supersedeas, and an application for temporary stay. On 16 November 1993, the Court of Appeals granted the temporary stay. However, on 3 December 1993, the Court of Appeals dissolved the temporary stay and denied the petitions for writ of certiorari and supersedeas.

On 21 December 1993, this Court allowed the State's motion for temporary stay. On 27 January 1994, this Court allowed the State's petitions for writ of supersedeas and for writ of certiorari.

The sole question presented for review in this case is whether a trial judge may order a victim to submit to a psychological examination when the victim's mental status is an element of the crime. Defendant argues that an independent psychological evaluation is necessary to his defense since Andrews' mental deficiency is an element of second-degree rape and second-degree sexual offense. The State, however, contends that Judge Martin's order requiring Andrews to submit to psychological testing by an expert is void for lack of authority, and we agree.

This Court has previously held that a trial judge has neither statutory authority nor discretionary power to compel an unwilling wit-

ness to submit to a psychiatric examination. *See State v. Phillips*, 328 N.C. 1, 399 S.E.2d 293 (1991) (trial judge has no statutory authority to order witness to undergo psychiatric evaluation; defendants suffered no prejudice from denial of their motions for independent psychiatric examinations of child witnesses since testimony of doctor performing prior evaluations available to defendants at trial), *cert. denied*, 501 U.S. 1208, 115 L. Ed. 2d 977 (1991); *State v. Liles*, 324 N.C. 529, 379 S.E.2d 821 (1989) (trial judge has no discretionary power to require psychiatric examination to determine witness' (a codefendant) competence as condition precedent to testifying); *State v. Fletcher*, 322 N.C. 415, 368 S.E.2d 633 (1988) (no statutory authority gives defendant right to require prosecuting witness (child victim) to submit to psychological examination); *State v. Wilson*, 322 N.C. 117, 367 S.E.2d 589 (1988) (trial judge has no discretionary power to order psychiatric evaluation to determine competency of the State's witness to a crime to testify at trial); *State v. Clontz*, 305 N.C. 116, 286 S.E.2d 793 (1982) (trial judge has no discretionary power to compel victim to submit to a psychiatric examination to determine her competency and reliability as a witness); *State v. Looney*, 294 N.C. 1, 240 S.E.2d 612 (1978) (trial judge has no discretionary power to require victim to undergo psychiatric examination before being permitted to testify).

*Looney* and its progeny stand for the proposition that to compel a victim to submit to psychiatric examination constitutes "a drastic invasion of the witness' own right of privacy. To be ordered by a court to submit to such an examination is, in itself, humiliating and potentially damaging to the reputation and career of the witness." *Looney*, 294 N.C. at 27, 240 S.E.2d at 626. In *Looney*, we reasoned that "the possible benefits to an innocent defendant, flowing from such a court ordered examination of the witness, are outweighed by the resulting invasion of the witness' right to privacy and the danger to the public interest from discouraging victims of crime to report such offenses and other potential witnesses from disclosing their knowledge of them." *Id.* at 28, 240 S.E.2d at 627. In balancing the rights of the victim and the defendant, we noted that "zealous concern for the accused is not justification for a grueling and harassing trial of the victim." *Id.* at 27, 240 S.E.2d at 627.

In *State v. Clontz*, we recognized that " '[p]art of the reluctance of victims to report and prosecute rape stems from their feeling that the legal system harasses and humiliates them.' " 305 N.C. at 123, 286 S.E.2d at 797 (quoting *State v. Fortney*, 301 N.C. 31, 42, 269 S.E.2d

110, 116 (1980)) (emphasis omitted). We also noted that "[t]o order the victim of a sex crime to unwillingly submit to a psychiatric examination would result in a profound invasion of her privacy which, in our opinion, would deter innocent victims of such crimes from ever making complaints." *Id.*

Although this Court has not addressed the question of whether a trial judge has the discretion to compel a victim to submit to a psychological examination in the context of an indictment alleging rape based solely upon the victim's mental condition, public policy considerations remain the same in the present case. To allow a trial judge to compel the victim of a crime to submit to a psychological examination in the interest of a defendant's defense would violate the public policy designed to protect victims from further intrusion into their private lives and would discourage victims of crimes from reporting such offenses. The victim's rights to privacy and protection from further invasion and trauma are compelling, and this case does not call for a departure from precedent established by this Court. Therefore, we hold that a trial judge has no authority to order a victim to submit to a psychological examination when the victim's mental status is an element of the crime with which he is charged.

Furthermore, we believe that "so drastic a change in the criminal trial procedure of this State, if needed, should be brought about . . . by a carefully considered and drafted statute, not by our pronouncement leaving the matter to the unguided discretion of the trial judge." *Looney,* 294 N.C. at 28, 240 S.E.2d at 627.

We recognize, however, that the trial judge has a duty to protect defendant's rights by allowing him to present an adequate defense. We note that there are several alternatives available to the trial judge should a victim refuse to voluntarily submit to a psychological examination necessary to a defendant's defense.

One option is for the trial judge to allow the defendant to submit evidence rebutting the alleged victim's mentally deficient status. A defendant may employ the services of his own mental health expert to interpret and dispute the findings of psychological evaluations already performed on the victim. If the defendant is indigent, a trial judge may appoint a mental health expert to assist in his defense as allowed by N.C.G.S. § 7A-454. *See State v. Smith,* 315 N.C. 76, 101, 337 S.E.2d 833, 849 (1985) (doctor who had not actually examined victim allowed to testify based on his review of medical reports); *see also State v. Bonney,* 329 N.C. 61, 72-73, 405 S.E.2d 145, 151-52 (1991)

(without actually interviewing defendant, psychiatrist concluded and testified that defendant's expert may have incorrectly diagnosed defendant based on flaws in the expert's interviewing and testing techniques).

Alternatively, the trial judge may deny the admission of the State's proffered psychological evidence demonstrating the alleged victim's mentally deficient status. Further, the trial judge may even consider dismissing the case against the defendant if the defendant's right to adequately present a defense is imperiled.

In summary, we hold that a trial judge does not have the authority to order a victim to submit to a psychological examination, even when the victim's mental status is an element of the crime charged. The trial judge's order appointing a licensed psychologist to examine the victim and directing the psychologist to testify, if called as a witness, concerning the victim's mental capacity is hereby vacated. The case is remanded to the Superior Court, Iredell County, for further proceedings not inconsistent with this opinion.

ORDER VACATED; CASE REMANDED.