STATE OF NORTH CAROLINA v. ERIC EARL GUICE

No. COA99-1261-2

(Filed 2 July 2002)

**Sentencing— firearms enhancement—indictment**

> On remand, a 60 month firearm enhancement penalty was vacated and remanded where the indictment failed to allege that defendant used, displayed, or threatened to use or display a firearm at the time of the felony and this factor was not submitted to the jury. The prior opinion in this matter, *State v. Guice*, 141 N.C. App. 177 (2000), is modified.

On Order of the Chief Judge of the Court of Appeals dated 13 May 2002, reconvening this panel based on an order of the Supreme Court filed 19 July 2001, *State v. Guice* (No. 33P01), 353

---

N.C. 731, 551 S.E.2d 112 (2001), remanding the unanimous decision of the Court of Appeals, *State v. Guice* (COA99-1261, filed 29 December 2000), 141 N.C. App. 177, 541 S.E.2d 474 (2000), for reconsideration following the Supreme Court's opinion in *State v. Lucas*, 353 N.C. 568, 548 S.E.2d 712 (2001). Appeal by defendant from judgment entered 22 June 1999 by Judge Loto G. Caviness in Superior Court, Mecklenburg County. Originally heard in the Court of Appeals 20 September 2000.

*Attorney General Michael F. Easley, by Special Deputy Attorney General James P. Longest, Jr., for the State.*

*Rudolf Maher Widenhouse & Fialko, by Christopher C. Fialko, for the defendant-appellant.*

WYNN, Judge.

On remand from our Supreme Court for reconsideration in light of *State v. Lucas*, 353 N.C. 568, 548 S.E.2d 712 (2001), we modify our prior published opinion in this matter, *State v. Guice*, 141 N.C. App. 177, 541 S.E.2d 474 (2000) ("*Guice I*"), as follows.

In *Lucas*, our Supreme Court considered the constitutionality of N.C. Gen. Stat. § 15A-1340.16A (2001) in light of recent holdings by the United States Supreme Court in *Jones v. United States*, 526 U.S. 227, 143 L. Ed. 2d 311 (1999) and *Apprendi v. New Jersey*, 530 U.S. 466, 147 L. Ed. 2d 435 ((2000), stating:

> According to our analysis of the process used to determine the statutory maximum sentence for any given offense, the addition of sixty months to the longest minimum sentence results in the addition of at least sixty months to the corresponding statutory maximum sentence, a process which results in an enhanced maximum exceeding that set out in the sentencing charts for a defendant in the highest criminal history category convicted of an aggravated offense [footnote omitted]. This result is forbidden by *Jones* and *Apprendi* unless the use of a firearm under the [firearm enhancement] statute is charged in the indictment, proven beyond a reasonable doubt, and submitted to the jury. Accordingly, we hold that in every instance where the State seeks an enhanced sentence pursuant to N.C.G.S. § 15A-1340.16A, it must allege the statutory factors supporting the enhancement in an indictment, which may be the same indictment that charges the underlying offense, and submit those factors to the jury. If the

jury returns a guilty verdict that includes these factors, the trial judge shall make the finding set out in the statute and impose an enhanced sentence.

353 N.C. at 597-98, 548 S.E.2d at 731. Thus, our Supreme Court's holding in *Lucas*:

> does not declare N.C.G.S. § 15A-1340.16A unconstitutional [on its face], but instead requires that the State meet the requirements set out in *Jones* and *Apprendi* in order to apply the enhancement provisions of the statute.

*Id.* at 598, 548 S.E.2d at 732.

However, in *Guice I*, this Court did address at length the fact that the plain language of G.S. § 15A-1340.16A explicitly removes from the jury the requisite factual determination for imposing the 60-month enhancement. Indeed, the statute mandates that "the *court* shall increase" the defendant's minimum term of imprisonment by 60 months if "the *court* finds that the [defendant] used, displayed, or threatened to use or display a firearm at the time of the felony[.]" (Emphasis added.) Nonetheless, our Supreme Court in *Lucas* interpreted G.S. § 15A-1340.16A to permit the State to meet the *Jones* and *Apprendi* requirements by charging the use (or display, or threatened use or display) of a firearm in the indictment, proving said use beyond a reasonable doubt, and submitting this element to the jury for its determination. Thus, while we noted in *Guice I* that the firearm enhancement statute, on its face, does not impose such requirements, we are bound by our Supreme Court's holding in *Lucas* which addressed an issue identical to the one in this case without considering whether the firearm enhancement statute, G.S. § 15A-1340.16A (2001) was facially unconstitutional. Accordingly, that part of our opinion in *Guice I* addressing and holding the firearm enhancement statute facially unconstitutional is withdrawn.

Applying *Lucas* to the instant case, as noted in our opinion in *Guice I*, the State does not contest that the indictment failed to allege that defendant "used, displayed, or threatened to use or display a firearm at the time of the felony," G.S. § 15A-1340.16A, or that this statutory factor was not submitted to the jury. Accordingly, the trial court's imposition of the 60-month firearm enhancement penalty to defendant's sentence in this case is vacated and the case is remanded to the trial court for resentencing

**STATE v. GUICE**

[151 N.C. App. 293 (2002)]

consistent with our Supreme Court's decision in *Lucas*. To the extent this Court's opinion in *Guice I* is not specifically modified by this opinion, it remains unchanged.

Modified and affirmed.

Judges GREENE and HUNTER concur.