**STATE v. BOYETT**

[229 N.C. App. 576 (2013)]

━━━━━━━━

STATE OF NORTH CAROLINA
v.
BILLY BOYETT

No. COA12-222-2

Filed 17 September 2013

**Rape—instructions—second-degree rape and attempted incest—evidence of penetration conflicting**

On reconsideration following the Supreme Court's reversal of the decision upon which the Court of Appeals relied, there was no plain error where the evidence of penetration was conflicting and the trial court did not instruct the jury on attempted second-degree rape and attempted incest.

Appeal by Defendant from judgments entered 10 October 2011 by Judge Charles H. Henry in New Hanover County Superior Court. Originally heard in the Court of Appeals 28 August 2012, with opinion filed 4 December 2012. Reconsidered pursuant to an order of the North Carolina Supreme Court, entered 12 June 2013.

*Attorney General Roy Cooper, by Assistant Attorney General Sarah Meacham, for the State.*

*Russell J. Hollers III, for the Defendant.*

DILLON, Judge.

The facts in this case are set forth in this Court's previous opinion, *State v. Boyett*, __ N.C. App. __, 735 S.E.2d 371 (2012), filed 4 December 2012. On 12 June 2013, our Supreme Court allowed the Attorney General's petition for writ of certiorari "for the limited purpose of remanding to

the North Carolina Court of Appeals for reconsideration in light of *State v. Carter,* __ N.C. __, 739 S.E.2d 548 (2013)."

In Defendant's appeal in this case, Defendant contended the trial court committed plain error by failing to instruct the jury on attempted second-degree rape and attempted incest when the evidence on the issue of whether penetration occurred was conflicting. The Court summarized the evidence as follows:

> The victim said Defendant "tr[ied] to get his penis to go inside my vagina." When asked how far Defendant was able to get his penis inside her vagina, the victim replied, "Not very far. If he could even get it in at all." According to the victim, this was because Defendant could not maintain an erection. When asked more specifically, in a police interview, about the degree of penetration, the victim affirmed that Defendant's penis went "past the lips." Defendant denies that he penetrated her, explaining that he could not maintain an erection.

*Boyett,* __ N.C. App. at __, 735 S.E.2d at 374-75. In its determination that the trial court committed plain error by failing to instruct the jury on attempted second-degree rape and attempted incest on the foregoing evidence, the Court relied on *State v. Carter,* __ N.C. App. __, 718 S.E.2d 687 (2011), stating that the "evidence on penetration in *Carter* . . . is remarkably similar to the evidence presented in this case, and, resultantly, we believe *Carter* is indistinguishable." *Boyett,* __ N.C. App. at __, 735 S.E.2d at 377. The Court further stated that "[l]ike this case, the victim's testimony in *Carter* could support both the proposition that the defendant penetrated her and that he did not." *Id.* However, the Court in *Boyett* noted that "[o]ur Supreme Court has granted discretionary review, and briefs have been submitted by the parties, on the question of whether this Court erred in concluding that the trial court in *Carter* committed plain error by failing to instruct the jury on attempted first degree sexual offense[,]" and "[u]ltimately, our Supreme Court's decision in Carter will be controlling on this issue. However, presently, this Court is bound by *Carter*." *Id.* at __, n.5, 735 S.E.2d at 377, n.5.

Subsequently, our Supreme Court held in *State v. Carter,* __ N.C. __, 739 S.E.2d 548 (2013) that "the Court of Appeals misconstrued the plain error standard." *Id.* at __, 739 S.E.2d at 551. The Court explained that "[t]he necessary examination is whether there was a *'probable* impact' on the verdict, not a *possible* one." *Id.* Our Supreme Court further held, upon an examination of the substantive question in *Carter* of whether

the error constituted plain error, that, upon the evidence in that case, the "[d]efendant has not shown that 'the jury probably would have returned a different verdict' if the trial court had provided the attempt instruction" because the defendant had not shown that "the jury would have disregarded any portions of the victim's testimony stating that he put his penis 'in' her anus in favor of those instances in which she said 'on.' " *Id.* Accordingly, our Supreme Court reversed this Court's decision in *Carter, supra.*

Based on the Supreme Court's reversal of the decision upon which this Court relied in the case *sub judice*, the Supreme Court ordered that this Court reconvene in this case for the limited purpose of reconsidering the question of whether the trial court committed plain error by failing to instruct the jury on attempted second-degree rape and attempted incest.

In our reconsideration, we reiterate that the evidence in this case "is remarkably similar to the evidence presented" in *Carter. Boyett*, __ N.C. App. at __, 735 S.E.2d at 377. Therefore, we must conclude that there was no plain error in the trial court's failure to instruct the jury on attempted second-degree rape and attempted incest, where, as in *Carter, supra*, the evidence on the issue of whether penetration actually occurred was conflicting. Here, as in *Carter*, Defendant has "not shown that the jury would have disregarded any portions of the victim's testimony stating that [penetration occurred] in favor of those instances in which she said [penetration did not occur]." *Carter*, __ N.C. at __, 739 S.E.2d at 551. Thus, Defendant has not shown a "probable impact" on the verdict.

Accordingly, this Court's holding in *Boyett*, __ N.C. App. at __, 735 S.E.2d at 377, that "Defendant must receive a new trial on his six second-degree rape convictions and his six incest convictions[,]" is superseded. There was no plain error on this issue in this case.

NO ERROR.

Judge McGEE and Judge DAVIS concur.