An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA13-878
NORTH CAROLINA COURT OF APPEALS

Filed: 18 February 2014

STATE OF NORTH CAROLINA

    v.                               Alamance County
                                     Nos. 04 CRS 54678-79
JAMES RAY ALLEN


Appeal by defendant from order entered 28 May 2013 by Judge G. Wayne Abernathy in Alamance County Superior Court. Heard in the Court of Appeals 27 January 2014.

> *Attorney General Roy Cooper, by Special Deputy Attorney General Joseph Finarelli, for the State.*
>
> *Jason Christopher Yoder for defendant.*


DILLON, Judge.


Defendant James Ray Allen appeals from an order requiring him to register as a sex offender and enroll in a satellite-based monitoring program for the rest of his natural life. We reverse the court's order and remand this case for further proceedings.

I.   Background

On 8 February 2007, Defendant entered guilty pleas to one count of taking indecent liberties with a child and one count of second-degree sexual offense. The trial court sentenced Defendant to a term of 84 to 110 months imprisonment for his conviction for second-degree sex offense. Also, the court sentenced Defendant to a term of 19 to 23 months imprisonment for his conviction for taking indecent liberties with a child, but suspended the sentence on the condition that he be placed on supervised probation for 30 months.

On 13 March 2013, the North Carolina Department of Public Safety Division of Adult Correction sent Defendant notice that a hearing would be held in Alamance County Superior Court to determine whether he would be subject to satellite-based monitoring. At the conclusion of the hearing held 28 May 2013, the superior court concluded that Defendant was convicted of a reportable conviction as defined by N.C. Gen. Stat. § 14-208.6(4), and that the offense for which Defendant was convicted was an aggravated offense. Based on these conclusions, the superior court ordered Defendant to enroll in satellite-based monitoring for the remainder of his natural life. Defendant filed timely notice of appeal.

II. Analysis

## A. Jurisdictional Challenge

We first address Defendant's argument that the trial court lacked jurisdiction to order him to enroll in lifetime satellite-based monitoring because the notice of hearing did not state that he could be required to enroll in satellite-based monitoring for the remainder of his natural life. Defendant's argument is without merit.

Our General Assembly has devised a specific procedure, outside of the Rules of Civil Procedure, for determining eligibility for satellite-based monitoring and has "clearly granted the Superior Courts subject matter jurisdiction to conduct these determinations pursuant to specific statutory procedures." *State v. Jarvis*, 214 N.C. App. 84, 91, 715 S.E.2d 252, 257 (2011). By following these statutory procedures, which are set forth in N.C. Gen. Stat. § 14-208.40B, the trial court has jurisdiction, as granted by the General Assembly, to conduct the hearing. *State v. Self*, __ N.C. App. __, __, 720 S.E.2d 776, 777 (2011). However, this Court has further explained that while "the General Assembly 'within constitutional limitations, can fix and circumscribe the jurisdiction" upon the trial court, the specific "notice provisions found in N.C. Gen. Stat. § 14-208.40B(b) are merely that, notice provisions to protect the due

process rights of offenders who are not currently incarcerated." *State v. Wooten*, 194 N.C. App. 524, 527-28, 669 S.E.2d 749, 750-51 (2008), *disc. review denied and cert. dismissed*, 363 N.C. 138, 676 S.E.2d 308 (2009).

Here, the State's written notification to Defendant of the satellite-based monitoring hearing fully complies with the provisions of section 14-208.40B(b), and thus the trial court had jurisdiction over the hearing. While the Division is required to set forth its initial determination that Defendant fell into one of the categories of section 14-208.40(a), *see* N.C. Gen. Stat. § 14-208.40B(a), the notice provisions of section 14-208.40B(b) do not limit the jurisdiction of the trial court to hear and determine a Defendant's eligibility for satellite-based monitoring.

## B. *Ex Post Facto* Challenge

Defendant also contends the trial court's order requiring him to enroll in satellite-based monitoring based on statutes that came into effect after his offenses were committed violates the *ex post facto* clauses of the United States and North Carolina Constitutions, citing *United States v. Jones*, ___ U.S. ___, 181 L. Ed. 2d 911 (2012), notwithstanding that, prior to *Jones*, our North Carolina Supreme Court held that our state's

satellite-based monitoring scheme does not violate the *ex post facto* clause of either constitution. *State v. Bowditch*, 364 N.C. 335, 700 S.E.2d 1 (2010). Nevertheless, Defendant asks this Court to reconsider the issue in light of *Jones* to determine whether in *Bowditch* the North Carolina Supreme Court properly weighed the Fourth Amendment burdens of forced satellite-based monitoring searches. We recently considered a similar argument in *State v. Jones*, __ N.C. App. __, 750 S.E.2d 883 (2013) (COA13-286); and for the reasons stated therein, this argument is overruled.

## C. Improper Classification Challenge

Defendant argues the trial court erred in ordering him to enroll in lifetime satellite-based monitoring based on an alleged conviction for an aggravated offense, because neither second-degree sex offense nor taking indecent liberties with a child is an aggravated offense. We agree.

A trial court must order a defendant convicted of a reportable sex offense to enroll in lifetime satellite-based monitoring if the defendant has been classified as a sexually violent predator, is a recidivist, has committed an aggravated offense, or was convicted of the rape or sex offense of a child pursuant to N.C. Gen. Stat. §§ 14-27.2A and 14-27.4A. N.C. Gen.

Stat. § 14-208.40A(c) (2011). Here, the State contended and the trial court concluded that Defendant was required to enroll in lifetime satellite-based monitoring because he committed an aggravated offense. An aggravated offense is defined as follows:

> any criminal offense that includes either of the following: (i) engaging in a sexual act involving vaginal, anal, or oral penetration with a victim of any age through the use of force or the threat of serious violence; or (ii) engaging in a sexual act involving vaginal, anal, or oral penetration with a victim who is less than 12 years old.

N.C. Gen. Stat. § 14-208.6(1a) (2011). When determining whether a crime constitutes an aggravated offense, a trial court "is only to consider the elements of the offense of which a defendant was convicted and is not to consider the underlying factual scenario giving rise to the conviction. In other words, the elements of the conviction offense must fit within the statutory definition of aggravated offense." *State v. Boyett*, __ N.C. App. __, __, 735 S.E.2d 371, 380 (2012) (internal quotations and citations omitted), *superseded in part on other grounds*, __ N.C. App. __, 747 S.E.2d 739 (2013). This Court has held that based on their elements neither second-degree sex offense nor taking indecent liberties with a child is an aggravated offense. *Id.* at __, 735 S.E.2d 380-81; *State v.*

*Davison*, 201 N.C. App. 354, 361, 689 S.E.2d 510, 515 (2009), *disc. review denied*, 364 N.C. 599, 703 S.E.2d 738 (2010). Accordingly, we reverse the trial court's order requiring Defendant to enroll in a satellite-based monitoring program for life and remand for a proper determination of defendant's eligibility for satellite-based monitoring pursuant to N.C. Gen. Stat. § 14-208.40A.

Reverse and Remanded.

Chief Judge MARTIN and Judge HUNTER, JR., concur.

Report per Rule 30(e).