STATE OF NORTH CAROLINA v. ANTONIO GOODMAN

No. 8426SC15

(Filed 20 November 1984)

1. **Burglary and Unlawful Breakings § 5— attempted first degree burglary — sufficiency of evidence**

    The State's evidence was sufficient to permit inferences of an attempt to enter and intent to commit larceny so as to support defendant's conviction of attempted first degree burglary where it tended to show that defendant climbed onto an awning and removed a corner of a window screen of an occupied apartment in the nighttime and that defendant fled when confronted by a neighbor of the apartment's occupant. G.S. 14-51.

2. **Criminal Law § 163— failure to instruct on lesser offense — absence of objection — no plain error**

    Defendant could not assign as error the failure of the trial court to instruct on a lesser included offense where defendant failed to object to the instructions and submitted no proposed instructions prior to jury deliberations as required by App. Rule 10(b)(2). Furthermore, failure of the trial court to submit the lesser offense did not constitute plain error.

3. **Burglary and Unlawful Breakings § 5— first degree burglary — intent to commit larceny — sufficiency of evidence**

    The State's evidence was sufficient for the jury to infer an intent to commit larceny so as to support defendant's conviction of first degree burglary where it tended to show that defendant stuck his hand through the kitchen window of an occupied apartment in the nighttime and knocked over salt and pepper shakers on the windowsill, and that a chair which was usually kept pushed under a table was turned on its side below the window. Evidence tending to show that defendant was fleeing from police officers and may have been seeking a place to hide merely presented a jury question as to defendant's intent.

4. **Burglary and Unlawful Breakings § 5.6— breaking and entering of motor vehicle — intent to commit larceny — sufficiency of evidence**

    The State's evidence was sufficient for the jury to infer an intent to commit larceny so as to support defendant's conviction of felonious breaking and entering of a motor vehicle where it tended to show that defendant was lying face down on the floorboard of the vehicle when police took him into custody, and that defendant had in his possession the vehicle registration and hubcap key which he had taken from the glove compartment.

5. **Burglary and Unlawful Breakings § 8; Criminal Law § 138— presumptive sentence for first degree burglary**

    In the absence of any aggravating or mitigating factors, the trial court was required to impose the presumptive term of 15 years for first degree burglary. The defendant in this case was not prejudiced when the trial court referred to the "presumptive term" as the "minimum term." G.S. 14-52.

APPEAL by defendant from *Burroughs, Judge.* Judgments entered 22 July 1983 in Superior Court, MECKLENBURG County. Heard in the Court of Appeals 21 September 1984.

This is a criminal case in which defendant was convicted at a jury trial of attempted first degree burglary, first degree burglary and breaking and entering into a motor vehicle as a result of three separate incidents occurring on the night of 7 April 1983.

The State's evidence tended to show that defendant was observed trying to remove a window screen from an apartment at 205 Judson Avenue in Charlotte which was occupied by Ms. Bernice Cole. Defendant loosened one corner of the window screen and was confronted by a neighbor who lived at 203 Judson Avenue. Defendant jumped down from the window and ran across the street. Defendant then went behind the apartment at 202 Judson Avenue. According to a State's witness, defendant put his hand through a kitchen window knocking over salt and pepper shakers. He fled when she screamed.

Later several Charlotte police officers found defendant hiding in an automobile belonging to Mattie Boger which was parked nearby on Judson Avenue. Upon a search incident to the arrest, the automobile registration and hubcap key from the automobile was found in defendant's possession.

Defendant's evidence tended to show that defendant was in his father's restaurant until approximately 10:30 p.m. at which time he left with his girl friend, Lavern Cowens. Defendant's sister had asked him to deliver some medicine to their aunt, but Ms. Cowens wanted him to take her home first. Defendant and Ms. Cowens walked to her grandmother's apartment on Zebulon Avenue where they stopped long enough for defendant to eat a sandwich. Defendant and Ms. Cowens then went to a friend's apartment on the corner of Judson and Zebulon Avenues at about 10:50 p.m. Ms. Cowens waited there for defendant to deliver the medicine to his aunt. Ms. Cowens testified that defendant walked down Judson Avenue in the direction of the restaurant and went behind the apartments in the same direction from which they had recently traveled. Ms. Cowens next observed the police apprehend defendant next to one of the apartments. Defendant was sentenced to three years in prison for attempted first degree

burglary, fifteen years in prison for first degree burglary, and two years in prison for breaking and entering a motor vehicle. Defendant appeals.

*Attorney General Edmisten, by Tiare B. Smiley, for the State.*

*Appellate Defender Stein, by Assistant Appellate Defender Robin E. Hudson, for the defendant-appellant.*

EAGLES, Judge.

I

[1] Defendant first assigns as error the sufficiency of the evidence upon which the jury based its guilty verdict as to the charge of attempted first degree burglary. We find no error.

The basis of defendant's argument is that where the State's evidence tended to show that defendant merely loosened the corner of a window screen, there was insufficient evidence to convince a jury beyond a reasonable doubt that there was an entering or intent to commit larceny, required elements of the crime of attempted first degree burglary. We disagree.

Burglary is defined in North Carolina by the common law and G.S. 14-51, as the breaking and entering of the dwelling house or sleeping apartment of another in the nighttime with intent to commit a felony therein, whether such intent be executed or not. *State v. Beaver*, 291 N.C. 137, 229 S.E. 2d 179 (1976); *State v. Cooper*, 288 N.C. 496, 219 S.E. 2d 45 (1975). An attempt to commit a crime is an act done with intent to commit that crime, carried beyond mere preparation to commit it, but falling short of its actual commission. *State v. McAlister*, 59 N.C. App. 58, 295 S.E. 2d 501 (1982), *cert. denied* 307 N.C. 471, 299 S.E. 2d 226 (1983); *State v. Surles*, 230 N.C. 272, 52 S.E. 2d 880 (1949).

It is uncontroverted that one corner of a window screen was removed. This is sufficient to constitute a breaking. The apartment involved was the dwelling house of Bernice Cole and the breaking took place in the nighttime. As to the disputed elements of intent to enter and intent to commit a felony therein, we first examine the element of entry.

State v. Goodman

The State's evidence tended to show that defendant "broke the close of the dwelling place" by removing a peg holding the window screen to the rear window of the apartment and loosening the corner of the window screen. A breaking in the law of burglary constitutes any act of force, however slight, employed to effect an entrance through any usual or unusual place of ingress, whether open, partly open, or closed. *State v. Myrick,* 306 N.C. 110, 291 S.E. 2d 577 (1982).

We note that defendant's acts of climbing up onto the awning over the back porch, pulling out the peg and loosening the window screen, constitute convincing circumstantial evidence that defendant intended to break and enter.

When the sufficiency of circumstantial evidence is called into question, the court must decide whether a reasonable inference of defendant's guilt may be drawn from the circumstances. If so, it is for the jury to decide whether the facts taken singularly or in combination, satisfy them beyond a reasonable doubt that the defendant is actually guilty. *State v. Powell,* 299 N.C. 95, 261 S.E. 2d 114 (1980). In considering the factual circumstances of defendant's climbing an awning and removing a corner of a window screen, the jury did not err in concluding that there was an intent to break and enter the apartment of Bernice Cole.

We next consider the element of intent to commit a felony. For the purposes of defining the crime of burglary, larceny shall be deemed a felony without regard to the value of the property in question. G.S. 14-51. The jury found in this case that defendant attempted to break and enter the occupied dwelling of Bernice Cole, in the nighttime with the intent to commit larceny.

The basis of defendant's argument that there was insufficient evidence from which a jury could find beyond a reasonable doubt that defendant intended to commit larceny is that the jury had to base an inference upon an inference to reach such a conclusion. We disagree.

It is well settled that a basic requirement of circumstantial evidence is reasonable inference from established facts. Inference may not be based upon inference. Every inference must stand upon some clear and direct evidence, and not upon some presumption. *State v. Byrd,* 309 N.C. 132, 305 S.E. 2d 724 (1983). Defendant

argues that since there is an inference of intent to enter based upon the direct evidence of a breaking by removal of a corner of the window screen, the element of intent to commit larceny is a further inference based upon the inference of intent to enter. This argument is without merit.

In *State v. McBryde*, 97 N.C. 393, 397, 1 S.E. 925, 927 (1887) and in *State v. Sweezy*, 291 N.C. 366, 384, 230 S.E. 2d 524, 535 (1976) our Supreme Court reasoned

> The intelligent mind will take cognizance of the fact that people do not usually enter the dwellings of others in the night-time, when the inmates are asleep, with innocent intent. The most usual intent is to steal, and when there is no explanation of evidence of a different intent, the ordinary mind will infer this also. The fact of entry alone, in the nighttime, accompanied by flight when discovered, is some evidence of guilt, and in the absence of any other proof, or evidence of other intent, and with no explanatory facts or circumstances, may warrant a reasonable inference of guilty intent.

The State submits, and we agree, that the usual and reasonable inference of an intent to steal is no less under the circumstances of an attempted burglary than of a successful burglary itself. There was direct evidence of the breaking and flight upon discovery. Under the facts here there need not be an actual entry to permit an inference of larcenous intent. There are no facts or circumstances which suggest other than a larcenous intent. The State is entitled to the reasonable inferences which can be drawn from the evidence, whether the evidence is direct, circumstantial or both. There is substantial direct and circumstantial evidence of all of the essential elements of attempted first degree burglary, including the elements of entry and intent to commit larceny. This evidence is sufficient to support the trial court's denial of defendant's motion to dismiss and the jury's verdict of guilty as to attempted first degree burglary.

## II

[2] Defendant next assigns as error the trial court's failure to instruct the jury as to attempted misdemeanor breaking or entering. This issue is not properly before us.

Rule 10(b)(2), Rules of Appellate Procedure, provides that no party may assign as error any portion of the jury charge or omission therefrom unless he objects thereto before the jury retires to consider its verdict.

Our reading of the record shows that a charge conference was held by the trial court with counsel concerning jury instruction. The trial court unequivocally informed defendant that the court would only instruct the jury on possible verdicts of attempted first degree burglary or not guilty. The trial court also asked defendant if he wanted anything else included in the instruction or if he had any written requests for instructions. Defendant stated that he had no written instructions and understood that this was the time to make any requests. Defendant did not object to the jury instructions and did not tender any written, proposed instructions prior to the jury deliberations. Defendant's purported objection to the trial court's omission of an attempted misdemeanor breaking or entering instruction first appears on appeal. For this reason, Rule 10(b)(2) forbids us to consider this assignment of error. We have, however, examined the entire record for plain error as contemplated by our Supreme Court's decision in *State v. Odom*, 307 N.C. 655, 300 S.E. 2d 375 (1983). Based upon our examination of the record, we cannot say that the trial court's omission of an attempted misdemeanor breaking or entering instruction rises to the level of plain error.

III

[3] Defendant next assigns as error the sufficiency of the evidence as to his conviction of first degree burglary. We find no error.

The State's evidence tended to show that after leaving Ms. Cole's apartment at 205 Judson Avenue, defendant appeared at the apartment of Janice Blackmon at 202 Judson Avenue. Ms. Blackmon observed defendant sticking his hand through her kitchen window, knocking over a salt and pepper shaker on the windowsill. Ms. Blackmon also observed that a chair, usually kept pushed under a table, was turned on its side below the window in question.

Defendant argues that there can be no inference to commit larceny in this case because defendant was obviously fleeing from

police officers and was merely seeking a place to hide. We disagree.

The question of defendant's intent to commit larceny was for the jury. The inference of an intent to commit larceny is proper where there is proof beyond a reasonable doubt of an entry. *State v. McBryde, supra, State v. Sweezy, supra.* Our Supreme Court has held that sticking one's hand through an open window is an entry. *State v. Gibbs,* 297 N.C. 410, 255 S.E. 2d 168 (1979).

After careful examination of the record, we hold that there was sufficient evidence from which the jury could find an intent to commit larceny in the Blackmon apartment. The trial court did not err in denying defendant's motion to dismiss the charge of first degree burglary.

## IV

[4] Defendant next assigns as error the sufficiency of the evidence as to his conviction for breaking and entering a motor vehicle. We find no error.

The basis of defendant's argument again is that defendant sought only to hide from police and had no intent to commit larceny when he broke and entered the motor vehicle in question. We disagree.

Again the question of defendant's intent was for the jury. There is evidence, direct and circumstantial, from which a jury could find the defendant guilty of breaking and entering a motor vehicle.

It is only necessary to establish the intent to commit larceny in order to establish a felonious breaking or entering of a motor vehicle. *State v. Kirkpatrick,* 34 N.C. App. 452, 238 S.E. 2d 615 (1977). It is not necessary to take anything from the vehicle to support a conviction. *State v. Quick,* 20 N.C. App. 589, 202 S.E. 2d 299 (1974). Here we have more than mere entry into the vehicle in question. When defendant was removed from the vehicle, he had in his possession the registration card and hubcap key for the vehicle.

While it is true that defendant was lying face down on the floorboard of the automobile, apparently hiding, when police took him into custody, he had already obtained the registration card

and hubcap key from the glove compartment. Moreover, at the time defendant ran from the second apartment (at 205 Judson Avenue), the police had not yet begun to arrive on Judson Avenue. An attempt to hide from police, though reasonable, is not the only conclusion a jury could reach based on the facts of this case. When viewed in the light most favorable to the State, there was sufficient evidence in the record as a whole from which the jury could find an intent to commit larceny when defendant broke and entered the vehicle in question. The trial court did not err in denying defendant's motion to dismiss.

V

[5] Defendant finally assigns as error the imposition of the presumptive sentence of fifteen years for the conviction of first degree burglary. We find no error.

The presumptive term for first degree burglary (G.S. 14-52; Class C felony) is fifteen years. In imposing the presumptive term, the trial court, after noting the "presumptive term" was fifteen years, then went on to say that the "minimum term" was fifteen years. We note that the trial court made no written findings as to aggravating or mitigating factors in imposing the presumptive term. In the absence of any aggravating or mitigating factors, our Fair Sentencing Act requires the imposition of the presumptive term when a prison term is imposed, as it was in this case. Further, notwithstanding the Fair Sentencing Act, G.S. 14-52 prohibits the trial judge to suspend a sentence or place a defendant on probation for this offense. Even if mitigating factors had been found and even if they outweighed the aggravating factors in this case, the absolute minimum prison term to which this defendant could have been sentenced was fourteen years. G.S. 14-52. While it is unfortunate that the trial court also referred to the "presumptive term" as the "minimum term" we cannot say that the defendant was prejudiced thereby. The trial court correctly applied the terms of the Fair Sentencing Act and G.S. 14-52 to this case.

For all of the foregoing reasons, we find no error.

Judges WEBB and BRASWELL concur.