STATE OF NORTH CAROLINA v. CHARLES FREDERICK FORTE

No. 8511SC894

(Filed 20 May 1986)

**Forgery § 2.2— uttering check with forged endorsement—sufficiency of evidence**

In a prosecution of defendant for uttering a check with a forged endorsement, evidence was sufficient to go to the jury for its consideration of whether defendant possessed the requisite knowledge that the endorsement was forged where the evidence tended to show that the check in question was made out to a mortgagor, mortgagee and defendant's business; only the mortgagee endorsed it; the mortgagor specifically refused to endorse the check; the check was in the possession of the mortgagor's insurance appraisers on 10 November 1983; defendant went to the appraisers' office on that day, and the file contain-

ing the check was left in his presence; late in the afternoon of 10 November 1983 defendant presented the check to the bank; and it bore a forged endorsement in the name of the mortgagor. N.C.G.S. § 14-120.

APPEAL by defendant from *Barefoot, Judge.* Judgment entered 3 October 1984 in Superior Court, JOHNSTON County. Heard in the Court of Appeals 14 January 1986.

*Attorney General Lacy H. Thornburg, by Jo Anne Sanford, Special Deputy Attorney General, for the State.*

*Acting Appellate Defender Malcolm Ray Hunter, Jr., by Louis D. Bilionis, Assistant Appellate Defender, for defendant appellant.*

PARKER, Judge.

In his sole assignment of error, defendant contends that his conviction for uttering a check with a forged endorsement in violation of G.S. 14-120 must be reversed because the evidence was insufficient, as a matter of law, to allow a reasonable jury to find that he had the requisite knowledge that the endorsement was forged. We disagree.

On a motion to dismiss on the ground of insufficiency of the evidence, the question for the court is whether there is substantial evidence of each element of the crime charged and of the defendant's perpetration of such crime. In evaluating the motion, the trial judge must consider the evidence in the light most favorable to the State, allowing every reasonable inference to be drawn therefrom, *State v. Young,* 312 N.C. 669, 325 S.E. 2d 181 (1985) and the test is the same whether the evidence is direct, circumstantial or both. *State v. Bullard,* 312 N.C. 129, 322 S.E. 2d 370 (1984).

To convict defendant of uttering a check with a forged endorsement, the State was required to prove beyond a reasonable doubt that (i) defendant passed a check to First Citizens Bank, (ii) such check contained an endorsement which was forged, (iii) defendant knew that such endorsement was forged and (iv) defendant acted for the sake of gain or with the intent to defraud or injure any other person. G.S. 14-120.

There was uncontradicted evidence that defendant passed a check with a forged endorsement to First Citizens Bank. Mary Crawford, a teller, testified that on 10 November 1983, defendant presented a draft to her which was made out to Carol Thomas, First Citizens Bank and defendant's business, Speedy Janitorial Service. Crawford cashed the check and gave defendant $1,742.94. Thomas testified that the endorsement in her name was forged and that she had not signed the back of the check, nor had she authorized anyone to do so for her.

Defendant asserts the State failed to prove that he possessed the requisite knowledge that the endorsement was forged. A basic requirement of circumstantial evidence is reasonable inference from established facts. An inference may not be based upon an inference, but must stand upon some clear and direct evidence. *State v. Goodman,* 71 N.C. App. 343, 322 S.E. 2d 408, *disc. rev. denied,* 313 N.C. 333, 327 S.E. 2d 894 (1984). The evidence presented by the State on this element of the crime charged tended to show the following: Thomas' trailer was damaged by fire, and she retained defendant to do the repair work. After the repair work was "completed," Thomas refused to endorse the check issued by her insurance company over to defendant to cover the costs of her repairs. Thomas made her dissatisfaction known to defendant, and, in defendant's presence, returned the check (which had been endorsed only by a representative of First Citizens Bank, the mortgagee) to a representative of Gay and Taylor, Inc., her insurance appraisers.

Several days later, on 10 November 1983, defendant went to the appraisers' office. Defendant asked Robert Falco, an employee of Gay and Taylor, Inc., for the check and was informed that it could not be released since there was a dispute over the quality of the repairs that had been performed. Falco testified that the check was in a file, "paper-clipped to a report" and had only been endorsed by the mortgagee. Defendant requested a copy of an estimate in this file; Falco put the file on some boxes near the door and went into another room to make a copy. When Falco completed the copy, he saw defendant in the hallway that approached the copying room.

Later, between 3:00 and 4:00 p.m. on 10 November 1983, defendant presented the check to First Citizens Bank. Upon defend-

ant's specific assurance that Thomas had endorsed the check, Crawford cashed it and gave defendant $1,742.94. The next day, when Falco examined the file, the check was missing.

There was direct evidence that (i) Thomas refused to endorse the check to defendant, (ii) Falco refused to release the check to defendant on the morning of 10 November 1983, (iii) the check was in the file at Gay and Taylor, Inc. on 10 November 1983, (iv) the check only contained the endorsement of the mortgagee on 10 November 1983, (v) Thomas did not endorse the check nor did she authorize anyone to do so on her behalf and (vi) defendant presented the check to First Citizens Bank between 3:00 and 4:00 p.m. on 10 November 1983, and (vii) when the check was presented to the bank, it bore a forged endorsement in the name of Carol Thomas. In our view, this direct evidence was sufficient to go to the jury for its consideration of whether defendant possessed the requisite knowledge that the endorsement was forged. A jury could reasonably infer from these established facts that defendant (i) removed the check from the file, (ii) endorsed the check himself or had someone else do it and (iii) presented the check with knowledge of the forged endorsement.

Finally, that defendant acted for the sake of gain or with the intent to defraud or injure another person was proven by competent evidence that Thomas had clearly refused to endorse the check to him, and that Falco refused to release the check to him on the morning of 10 November 1983 because of Thomas' dissatisfaction with the repairs performed by defendant. Also, defendant negotiated the falsely endorsed check and received the proceeds for his own purposes.

Although defendant testified that he received the check which bore Carol Thomas' endorsement in the mail on 10 November 1983, after his visit to Gay and Taylor, Inc., it is well-established that defendant's evidence, unless favorable to the State, is not to be taken into consideration in ruling on a motion to dismiss, *State v. Bell*, 311 N.C. 131, 316 S.E. 2d 611 (1984), and all contradictions and discrepancies do not warrant dismissal, but are for the jury to resolve. *State v. Alston*, 310 N.C. 399, 312 S.E. 2d 470 (1984).

After careful examination of the record and applying well-established rules of law, we conclude that the evidence was suffi-

cient to go to the jury, and that defendant's motion was properly denied.

Affirmed.

Judges WHICHARD and BECTON concur.