IN THE SUPREME COURT OF NORTH CAROLINA

No. 507PA11

FILED 12 APRIL 2013

STATE OF NORTH CAROLINA

v.

DAVID ALLEN CARTER

On discretionary review pursuant to N.C.G.S. § 7A-31 of a unanimous decision of the Court of Appeals, ___ N.C. App. ___, 718 S.E.2d 687 (2011), following an appeal from two judgments entered on 27 May 2010 by Judge W. David Lee in Superior Court, Iredell County, in which the Court of Appeals found no error in a judgment following defendant's conviction for one count of first-degree sexual offense, but vacated an order requiring defendant to enroll in satellite-based monitoring and remanded for further proceedings, and reversed defendant's conviction for a second count of first-degree sexual offense and ordered a new trial on that charge. Heard in the Supreme Court on 7 January 2013.

*Roy Cooper, Attorney General, by Anne M. Middleton, Assistant Attorney General, for the State-appellant.*

*Mark Montgomery for defendant-appellee.*

BEASLEY, Justice.

In this appeal we consider whether the trial court's failure to give the jury an instruction on the lesser-included offense of attempted first-degree sexual offense

constituted plain error in defendant's trial for two counts of first-degree sexual offense. This Court concludes that defendant failed to show plain error under the standard we set forth in *State v. Lawrence*, 365 N.C. 506, 723 S.E.2d 326 (2012). Consequently, we reverse the decision of the Court of Appeals and reinstate the jury's verdict and the trial court's judgment.

On 13 October 2008, defendant was indicted in Iredell County on two counts of first-degree statutory sexual offense with a child under the age of thirteen on the basis of acts alleged to have occurred in June of 2008 with defendant's eight-year-old stepdaughter. Defendant pleaded not guilty to both counts and the case proceeded to trial.

At trial the State's evidence tended to show the following facts. In 2007, while living with her family in South Carolina, the victim reported to her mother that defendant had come into her bed while she was asleep, cuddled with her, and "put his penis in her 'butt crack.' " Her mother did not report the incident. The family later moved to North Carolina. In August of 2008 the victim again informed her mother that defendant had sexually abused her. The victim's mother then took her to the Dove House Children's Advocacy Center for a medical examination and reported the abuse to the police department.

Tammy Carroll, a Dove House nurse, examined the victim and found a small anal fissure, which Ms. Carroll described at trial as a tear or erosion attributed to a trauma to that area. Ms. Carroll explained that a penis inside the "butt crack" or

on the "butthole," or even on the "butt cheeks," could cause such a fissure, as could frequent diarrhea or constipation, although there was no evidence of either condition. While at Dove House the victim also spoke with Julie Gibson, an Iredell County Sheriff's Captain and backup forensic interviewer for Dove House, and told her that defendant "put his penis *in* [her] butt 50 times." (Emphasis added.)

At trial the victim testified and described several incidents in which defendant put his "doodle" either "on" or "in" her anus in some manner. She stated, "He took a certain part of his body and stuck it *on* another part of my body." (Emphasis added.) She was then asked, "You said he took a certain part of his body and stuck it *in* a certain part of your body," to which she replied, "Yes." (Emphasis added.) She again replied, "Yes," when the State proffered, "You said he stuck a certain part of his body which you call his doodle or his penis *in* a certain part of your body." (Emphasis added.) The State asked her to explain how defendant's "doodle went, was stuck *into* [her] bottom," and she stated, "Well, it would be between my butt cheeks, as I call it, and like right there *over* my butthole or hole in my anus." (Emphases added.) In providing another description she said, "Well, my Daddy Dave was pushing his doodle *in* really, really hard, and for some reason I'm very, very delicate, and he was pushing it really hard and it would make it feel very sore and stuff. And sometimes it would feel like it would be bleeding." (Emphasis added.) The State later asked the victim if she remembered "drawing a picture" of defendant placing his penis "*in*" her "bottom" and she answered affirmatively.

(Emphasis added.) She also demonstrated that she understood the difference between "in" and "on" by using a checkbook and blank checks and identifying when the checks were "in" or "on" the checkbook.

On cross-examination, in response to defendant's request that she clarify her testimony that he had put his penis "*on* [her] butthole," she stated, "Well, this is a bad example, but like he would put his doodle between my butt cheeks and it will be sort of pressing *on* my butthole." (Emphases added.) She later testified that defendant put his penis "*in*" her butt fifty or one hundred times. When defense counsel asked which it was, she replied, "I'm not sure, but he did do it a lot."

Defendant did not request an instruction on attempt. On 27 May 2010, a jury convicted defendant of (1) first-degree sex offense based on "[i]nsertion of male sex organ into the mouth of the alleged victim" (File No. 08 CRS 057285) and (2) first-degree sex offense based on "[i]nsertion of the male sex organ into the anus of the alleged victim" (File No. 08 CRS 057286). The trial court found defendant to have a prior record level of I and sentenced him within the presumptive range to two consecutive terms of 192 to 240 months each. The trial court further required defendant to register as a sex offender upon his release from prison and ordered him to enroll in satellite-based monitoring (SBM) for life.

Defendant appealed both convictions and the order for SBM to the Court of Appeals, which, in a unanimous opinion, vacated and remanded the SBM order and held that there was no error with respect to the first offense. The Court of Appeals

held, however, that the trial court's failure to give an instruction on the lesser-included offense was plain error and granted a new trial with respect to the second offense. The Court of Appeals based its holding upon the existence of a conflict in the evidence presented at trial. In explaining its finding of plain error, the Court of Appeals wrote:

> Although certain portions of [the victim's] testimony tended to show that anal penetration had occurred, her statements that [d]efendant put his penis "on" or "between my butt cheeks" or that he "pressed against" her anus with his penis *support an inference* to the contrary. Moreover, although "evidence that no trauma occurred to [the victim] is not sufficient to establish a conflict of evidence as to penetration," Ms. Carroll's testimony indicated that [the victim's] anal fissure *could have resulted from attempted, as well as completed, penetration.* As a result, a jury *could rationally have found* [d]efendant guilty of attempted first-degree sexual offense in File No. 08 CrS 57286.

*State v. Carter*, ___ N.C. App. ___, ___, 718 S.E.2d 687, 698 (2011) (third alteration in original) (internal citation omitted) (emphases added).

We allowed the State's petition for discretionary review of the Court of Appeals' holding with regard to the conviction for "insertion of the male sex organ into the anus of the alleged victim."

The State's argument is twofold. First, the State contends that the failure to give the instruction was not error because the State only needed to prove that penetration occurred, however slightly, on one occasion in that defendant was only charged with one count of the offense for multiple acts occurring sometime in June

2008. Thus, the victim's testimony did not raise a contradiction, but only reported the many different encounters with defendant, and as long as one of those reports used the word "in," the instruction is sufficient. Second, the State argues that even if it was error not to give the instruction, the error was not plain error because it was not a fundamental error and did not have a probable impact on the jury's verdict because the victim did use the word "in" in at least one description of the alleged events.

Defendant argues that error occurred because, as the Court of Appeals held, there was some evidence from which the jury could reasonably find him guilty of the attempt. He further argues that the jury probably would have found him guilty of attempt if given the option, because the victim's repeated use of the word "on," coupled with Ms. Carroll's testimony that the observed trauma likely came from contact "on" the anus or cheeks, resulted in weak evidence of penetration and thus it would have been possible for the jury to conclude that only one encounter occurred. But this rationale is inconsistent with the plain error standard set by this Court.

We now hold that the Court of Appeals misconstrued the plain error standard. This Court recently clarified the plain error standard in *Lawrence*:

> For error to constitute plain error, a defendant must demonstrate that a fundamental error occurred at trial. To show that an error was fundamental, a defendant must establish prejudice—that, after examination of the entire record, the error had a probable impact on the

jury's finding that the defendant was guilty. Moreover, because plain error is to be applied cautiously and only in the exceptional case, the error will often be one that seriously affect[s] the fairness, integrity or public reputation of judicial proceedings.

*Lawrence*, 365 N.C. at 518, 723 S.E.2d at 334 (alteration in original) (citations and internal quotation marks omitted). The necessary examination is whether there was a "*probable* impact" on the verdict, not a *possible* one. *Id.* (emphasis added). In other words, the inquiry is whether the defendant has shown that, "absent the error, the jury probably would have returned a different verdict." *Id.* at 519, 723 S.E.2d at 335. Thus, the Court of Appeals' consideration of what the jury "*could rationally have found,*" *Carter*, ___ N.C. App. at ___, 718 S.E.2d at 698 (emphasis added), was improper.

It is not necessary to engage in a discussion of whether an instruction on attempt should have been provided because defendant failed to show that any such error was prejudicial. Even if we were to agree with defendant that there is an inconsistency in the victim's testimony regarding whether defendant placed his penis "on" or "in" her anus, defendant still fails to meet his burden under *Lawrence*.

To establish a "probable impact" in this case, defendant would have to show that the jury would have disregarded any portions of the victim's testimony stating that he put his penis "in" her anus in favor of those instances in which she said "on." Yet the Court of Appeals itself found that the evidence of penetration was sufficient to support a verdict of guilty on the completed offense. *See Carter*, ___ N.C. App. at

___, 718 S.E.2d at 693. Defendant has not shown that "the jury probably would have returned a different verdict" if the trial court had provided the attempt instruction. *Lawrence*, 365 N.C. at 519, 723 S.E.2d at 335. It therefore cannot be said that defendant was prejudiced by the failure to give the instruction under the plain error standard, even if failure to give the instruction was error.

Because defendant has failed to carry his burden, we hold that the trial court's instructions do not rise to the level of plain error. Accordingly, the decision of the Court of Appeals is reversed.

REVERSED.