An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA14-392
NORTH CAROLINA COURT OF APPEALS

Filed:  21 October 2014

STATE OF NORTH CAROLINA

    v.

MARQUES AUBREY DAVIS

Buncombe County
Nos. 12 CRS 64142-43

Appeal by defendant from judgment entered 11 September 2013 by Judge James U. Downs in Buncombe County Superior Court. Heard in the Court of Appeals 22 September 2014.

*Attorney General Roy Cooper, by Assistant Attorney General Neal T. McHenry, for the State.*

*Appellate Defender Staples S. Hughes, by Assistant Appellate Defender James R. Grant, for defendant-appellant.*

McCULLOUGH, Judge.

Defendant was tried on charges of possession of drug paraphernalia and possession with intent to sell or deliver ("PWISD") marijuana. The jury found him guilty of possession of drug paraphernalia and the lesser included offense of simple possession of more than one-half ounce but less than one and one-half ounces of marijuana. The trial court consolidated

defendant's offenses for judgment and sentenced him to 90 days in county jail. Defendant gave notice of appeal in open court.

On 29 November 2012, Officer Matthew Kiser of the Buncombe County Sheriff's Office knocked on the front door of an apartment in Lee Walker Heights, seeking to serve a warrant for unpaid child support upon defendant. Defendant answered the door but advised Officer Kiser "that Marques Davis did not live at that address and . . . was not there." Based on the photograph that accompanied the warrant, Officer Kiser recognized defendant as the Marques Davis in question. He also detected a strong odor of marijuana emanating from inside the apartment and asked defendant for consent to enter the apartment to look for the marijuana. Defendant demurred, stating that the apartment did not belong to him. Officer Kiser asked defendant to come outside, detained him on the outstanding warrant, and secured the apartment to prevent further ingress or egress. He then contacted Narcotics Officer Edward Winslow, who arrived 30 minutes later and obtained defendant's consent to search the apartment.

A protective sweep revealed no additional occupants in the apartment. Proceeding upstairs to a bedroom, Officer Winslow observed "several bags of marijuana" in plain view on the bed.

Also on the bed was a North Carolina photographic identification card belonging to defendant. On top of a dresser in the corner of the bedroom were "several bags of marijuana . . ., a set of digital scales and some loose marijuana laying on the scales and on top of the dresser." On top of a second dresser were a box of plastic sandwich baggies, several individual sandwich baggies with the corners missing, and men's deodorant. In a left-hand drawer of this dresser, Officer Winslow also found a loaded .38 revolver and a box of ammunition. He opened the cylinder of the revolver and saw that "one of the rounds had been fired."

Prior to trial, defendant moved to suppress the evidence found during the search of the apartment on the ground that his consent to the search was involuntary or otherwise invalid. Defendant also moved to suppress any statements he made to the officers after he was detained but before he was advised of his *Miranda* rights. The trial court denied the motion as to the fruits of the search but granted the motion as to any statements made by defendant after his initial exchange with Officer Kiser regarding the warrant.

On appeal, defendant claims the trial court committed plain error by allowing the State to introduce evidence of the loaded handgun and ammunition that were found in the bedroom where the

marijuana was found. He contends this "weapon evidence" had no relevance to either of the charged crimes, inasmuch as "the State never introduced any evidence suggesting the gun belonged to [him]." Moreover, citing the "highly inflammatory nature" of the loaded handgun and Officer Winslow's testimony that the gun had been fired, defendant argues that the evidence was inadmissible and should have been excluded pursuant to N.C. Gen. Stat. § 8C-1, Rules 401 and 403 (2013).

In seeking plain error review, defendant concedes he failed to object to the evidence of the handgun and ammunition on grounds of irrelevance. *See* N.C. R. App. P. 10(a)(1), (4). Rather, defendant's objection at trial was solely "based on [defendant's] prior motion" to suppress.[1] Having "objected on grounds other than those now argued on appeal, he has waived his right to appellate review other than for plain error." *State v. Locklear*, 363 N.C. 438, 449, 681 S.E.2d 293, 303 (2009); *see also* N.C. R. App. P. 10(a)(4). To establish plain error,

---

[1]Although the trial court inquired *sua sponte* into the relevance of *photographs* of the gun and ammunition tendered by the State, this proffer occurred well after Officer Winslow's initial testimony about finding the gun in the bedroom dresser. Moreover, the court allowed the photographs into evidence "for illustration purposes only" and instructed the jury to consider the photographs "for illustration only; that is, whether or not they illustrate whatever this officer saw with respect to that scene."

> . . . a defendant must demonstrate that a fundamental error occurred at trial. To show that an error was fundamental, a defendant must establish prejudice — that, after examination of the entire record, the error had a probable impact on the jury's finding that the defendant was guilty. . . . In other words, the inquiry is whether the defendant has shown that, absent the error, the jury probably would have returned a different verdict.

*State v. Carter*, 366 N.C. 496, 500, 739 S.E.2d 548, 551 (2013) (citations and quotations omitted).

The North Carolina Rules of Evidence provide that "[a]ll relevant evidence is admissible" unless otherwise prohibited by law. N.C. Gen. Stat. § 8C-1, Rule 402 (2013). Rule 401 defines evidence as "relevant" if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." N.C. Gen. Stat. § 8C-1, Rule 401. This standard "gives the judge great freedom to admit evidence because the rule makes evidence relevant if it has *any* logical tendency to prove any fact that is of consequence." *State v. Wallace*, 104 N.C. App. 498, 502, 410 S.E.2d 226, 228 (1991) (citation omitted), *appeal dismissed and disc. rev. denied*, 331 N.C. 290, 416 S.E.2d 398 (1992). Although a trial court's rulings on relevancy are fully reviewable as a question

of law, "we accord them great deference on appeal." *State v. Lane*, 365 N.C. 7, 27, 707 S.E.2d 210, 223, *cert. denied*, __ U.S. __, 181 L. Ed. 2d 529 (2011).

Defendant has not shown plain error here. For the purpose of proving the crime of PWISD marijuana, it is clearly relevant that known accoutrements of the drug trade, including a loaded firearm, are found in the same room as the marijuana. *See State v. Huerta*, __ N.C. App. __, __, 727 S.E.2d 881, 888-89 (2012) (citing *State v. Boyd*, 177 N.C. App. 165, 171-72, 628 S.E.2d 796, 802 (2006) (noting that "as a practical matter, firearms are frequently involved for protection in the illegal drug trade")). Defendant's assertion that the State failed to link him to the gun speaks to the weight to be accorded to this evidence, not its relevance and admissibility under N.C. R. Evidence 401 and 402.

Defendant also assigns plain error to the limiting instruction given by the trial court when it allowed into evidence three photographs depicting the gun and ammunition found by Officer Winslow. The court instructed the jury as follows:

> The only reason you can consider these particular items of evidence [is] for illustration only; that is, whether or not they illustrate whatever this officer saw

with respect to that scene.

> The defendant is not charged with any offense having to do with possession of a firearm, and that can't be used against him in any way whatsoever except to possibly show whether or not the defendant constructively knew or possessed any contraband, if there was any, in that room. But for using it for that limited -- very limited purpose, you can't consider that for any other reason.

> All right. Let them be admitted for illustration purposes only.

Having affirmed the relevance of the handgun and ammunition, we find nothing erroneous in this limiting instruction. Moreover, inasmuch as the court admonished the jury not to consider the photographs as substantive evidence, we conclude defendant cannot show probable prejudice from the instruction, as required to show plain error. *See generally State v. Thompson*, 328 N.C. 477, 492, 402 S.E.2d 386, 394 (1991) (noting that "the trial court gave cautionary instructions on the use of the photographs for illustrative purposes, thus limiting the likelihood of unfair prejudice").

To the extent defendant separately claims the trial court committed plain error under N.C. R. Evidence 403 in weighing the probative value of the evidence against the attendant risk of unfair prejudice, we hold that this discretionary ruling is not

subject to plain error review under N.C. R. App. P. 10(a)(4). *State v. Cunningham*, 188 N.C. App. 832, 837, 656 S.E.2d 697, 700 (2008).

Finally, we reject defendant's suggestion that "[t]he incongruity of the jury's verdicts" reflects the jury's "confusion or animus [toward defendant] resulting from the erroneously admitted gun evidence and illogical instruction." There is nothing inherently inconsistent in finding that defendant was engaged in simple possession of a controlled substance, rather than PWISD, while also in possession of drug paraphernalia.

No plain error.

Judges CALABRIA and GEER concur.

Report per Rule 30(e).