INMAN, Judge.
Mark Wayne Cannon ("Defendant") appeals from a judgment entered upon a jury verdict finding him guilty of felonious breaking or entering a place of worship. On appeal, Defendant contends that the trial court erred in denying his motion to dismiss the charge. Defendant also argues that the trial court committed plain error in failing to instruct the jury on the lesser-included offense of misdemeanor breaking and entering. After careful review, we hold that Defendant received a fair trial, free from error.
Factual & Procedural History
The State presented evidence at trial tending to establish the following facts:
On 10 July 2014, right before dusk, Bishop Arizona Hartsfield ("Bishop Hartsfield") was planting some flowers and shrubbery around Selvia Chapel Church. The church was locked and the lights were off. Bishop Hartsfield briefly left the church to go home and retrieve a hoe. Hoe in hand, Bishop Hartsfield returned to the church and noticed that the lights had been turned on. He also observed that the window on the door leading into the church was broken and glass was on the floor.
Bishop Hartsfield entered the church and observed Defendant in his office, going through his stuff. He yelled, "What's going-hey, hey, what's going on?" Defendant threw a hammer and a rod at Bishop Hartsfield. Defendant then ran past Bishop Hartsfield and out the door, toward some houses located next to the church. At that time, Bishop Hartsfield did not notice that anything had been taken, but saw "things all on the floor." He subsequently called the police. The police arrived and Bishop Hartsfield told them what had transpired and gave them a description of Defendant.
Officer David Butts of the Greenville Police Department arrived on the scene after other officers had conducted a K-9 track and had begun to secure 405 Manhattan Avenue, the house where the track had ended. The house was located across the street from the back of the church. The officers determined that Defendant matched the description given by Bishop Hartsfield and apprehended him at the house.
Detective William Stokes of the Greenville Police Department was dispatched to the Selvia Chapel Church at 8:12 p.m. Three minutes later, he arrived at the church and spoke with Bishop Hartsfield. Bishop Hartsfield "appeared to be nervous and afraid from the attack." After speaking with Bishop Hartsfield, Detective Stokes was informed that the K-9 track had been completed and the officers had located a suspect that matched Bishop Hartsfield's description. Detective Stokes subsequently escorted Bishop Hartsfield to the house for a show-up.
During the show-up, Bishop Hartsfield was seated in the passenger's seat of the patrol car. Officers brought Defendant out to the front porch of the house. Bishop Hartsfield positively identified Defendant as the person that attacked him at the church. Officers then walked Defendant out to the patrol car. At that time, Bishop Hartsfield exited Detective Stoke's vehicle, and told Detective Stokes that Defendant was not the attacker, but that "it was someone that looked exactly like him." Detective Stokes got out of the patrol car to talk further with Bishop Hartsfield, who then stated that Defendant was the person who had attacked him at the church.
On 10 November 2014, Defendant was indicted for: (1) felonious breaking and or entering a place of worship with the intent to commit larceny, in violation of N.C. Gen. Stat. § 14-54.1(a) ; and (2) assault with a deadly weapon, in violation of N.C. Gen. Stat. § 14-33(c)(1). Defendant's case came on for trial on 15 April 2015, the Honorable W. Russell Duke, Jr., presiding.
Bishop Hartsfield, Officer Butts, and Detective Stokes testified at trial. Bishop Hartsfield testified that although he recognized the man who the police showed him, he told officers, "I don't know whether he's the same person or not," because he "didn't want to create a problem for [Defendant]." He explained:
Truthfully, I knew who he was all the time, but it wasn't a problem of me not being able to identify him. That wasn't the problem. I think the problem was that I had reservation of identifying. I just didn't want him to get into trouble.
Bishop Hartsfield also testified that he had seen Defendant "quite often" prior to the incident because Defendant helped the man across the street with electrical work.
Defendant did not present evidence. At the close of the State's evidence and the close of all the evidence, Defendant's counsel moved to dismiss the charge of breaking or entering a place of worship on the ground that the State had failed to introduce substantial evidence of each element of the offense and of Defendant's identity as the perpetrator. The trial court denied the motion.
The jury returned a verdict of guilty on the charge of breaking or entering a place of worship and not guilty on the charge of assault with a deadly weapon. Defendant was sentenced as a prior record level III offender to 17-30 months imprisonment.
On 17 April 2015, Defendant gave timely notice of appeal.
Analysis
I. Motion to Dismiss
Defendant contends that the trial court erred in denying his motion to dismiss because the State failed to present substantial evidence of Defendant's intent to commit larceny, a required element of the crime of felony breaking or entering a place of worship.
A. Standard of Review
"This Court reviews the trial court's ruling with respect to a motion to dismiss for insufficient evidence on a de novo basis." State v. English , --- N.C. App. ----, ----, 772 S.E.2d 740, 744, review denied , 776 S.E.2d 201 (2015). When ruling on a motion to dismiss, the North Carolina Supreme Court has held that:
[T]he trial court must determine only whether there is substantial evidence of each essential element of the offense charged and of the defendant being the perpetrator of the offense.... Substantial evidence is relevant evidence that a reasonable mind might accept as adequate to support a conclusion. In ruling on a motion to dismiss, the trial court must examine the evidence in the light most favorable to the State, and the State is entitled to every reasonable inference and intendment that can be drawn therefrom. Any contradictions or discrepancies in the evidence are for the jury to resolve and do not warrant dismissal.
State v. Olson , 330 N.C. 557, 564, 411 S.E.2d 592, 595 (1992) (citations omitted).
B. Analysis
A person commits the felony of breaking or entering a place of worship if he "[1] wrongfully breaks or enters [2] any building that is a place of religious worship [3] with intent to commit any felony or larceny therein[.]" N.C. Gen. Stat. § 14-54.1 (2015).
The indictment in the case alleged that Defendant "unlawfully, willfully[,] and feloniously did break and enter a building occupied by Sylvia [sic] Chapel Church ... with the intent to commit a felony therein: larceny." Defendant contends that the State did not present evidence that he intended to commit larceny at the time of the breaking and entering. We disagree.
"Larceny is a wrongful taking and carrying away of the personal property of another without his consent with intent to deprive the owner of his property and to appropriate it to the taker's use fraudulently." State v. Baskin , 190 N.C. App. 102, 109, 660 S.E.2d 566, 572 (2008) (citation and quotation marks omitted). Section 14-72(b) of the North Carolina General Statutes provides that "[t]he crime of larceny is a felony, without regard to the value of the property in question, if the larceny is ... [c]ommitted pursuant to a violation of ... [N.C. Gen. Stat. §] 14-54.1...." N.C. Gen. Stat. § 14-72(b) (2015). To meet its burden of proving Defendant wrongfully broke or entered Selvia Chapel Church with intent to commit a larceny therein, "the State must offer substantial evidence that [D]efendant broke or entered the building with the requisite criminal intent." State v. Campbell , 368 N.C. 83, 87, 772 S.E.2d 440, 444 (2015).
"Felonious intent usually cannot be proven by direct evidence, but rather must be inferred from the defendant's acts, conduct, and inferences fairly deducible from all the circumstances[.]" State v. Goldsmith , 187 N.C. App. 162, 165-66, 652 S.E.2d 336, 339-40 (2007) (alteration in original) (internal quotation marks and citations omitted). "Intent to commit a felony may be inferred from the defendant's acts and conduct during the subject incident." State v. Lucas , 234 N.C. App. 247, 254, 758 S.E.2d 672, 677 (2014). "The intent with which an accused broke and entered may be found by the jury from evidence as to what he did within the house." State v. Brewer , 80 N.C. App. 195, 199, 341 S.E.2d 354, 357 (1986).
Here, there was substantial evidence that Defendant possessed the intent to commit larceny at the time he broke into Selvia Chapel Church. The State presented testimony that in the brief period of time when Bishop Hartsfield was away from the church, Defendant broke the glass door of the church and entered; that Bishop Hartsfield discovered Defendant rummaging through his office; and that upon being discovered, Defendant fled the church and threw a hammer and a rod at Bishop Hartsfield.
Defendant argues that "[w]hile there was evidence of plundering and looking in files in the office, there was no evidence of larceny or requisite intent to commit larceny." In light of this Court's decision in State v. Goodman , 71 N.C. App. 343, 322 S.E.2d 408 (1984), we disagree with Defendant's contention.
In Goodman , this Court held that the State presented substantial circumstantial and direct evidence of the defendant's intent to commit larceny "sufficient to support the trial court's denial of defendant's motion to dismiss and the jury's verdict of guilty as to attempted first degree burglary." 71 N.C. App. at 347, 322 S.E.2d at 411. There, the State's evidence tended to show that the defendant was observed trying to remove the window screen from an apartment in Charlotte. Id. at 344, 322 S.E.2d at 409. After being confronted by a neighbor, the defendant jumped down from the window and ran across the street. Id. This Court found that "the usual and reasonable inference of an intent to steal is no less under the circumstances of an attempted burglary than of a successful burglary itself." Id. at 347, 322 S.E.2d at 411. This Court also found that "[t]here was direct evidence of the breaking and flight upon discovery." Id. Finally, in holding that the trial court did not err in denying the defendant's motion to dismiss, this Court noted that "[t]he State is entitled to the reasonable inferences which can be drawn from the evidence, whether the evidence is direct, circumstantial or both." Id.
In the present case, like in Goodman , the State presented evidence that Defendant broke the window of Selvia Chapel Church and fled upon being discovered by Bishop Hartsfield. Based on this evidence, a reasonable juror could infer that at the time Defendant entered the church, he intended to commit a larceny. Also, the "evidence of plundering" that Defendant admits was introduced would support a reasonable inference that Defendant was looking for items to take from the church.
We hold that the State introduced substantial evidence that Defendant intended to commit larceny when he broke and entered Selvia Chapel Church. Accordingly, the trial court did not err in denying Defendant's motion to dismiss the charge on the grounds of insufficient evidence.
II. Jury Instructions
Defendant argues that he is entitled to a new trial because the trial court erred in failing to instruct the jury on the lesser-included offense of misdemeanor breaking and entering. Specifically, Defendant contends that because the State failed to present sufficient evidence of his intent to commit larceny, an instruction was necessary on the lesser-included offense. We disagree.
A. Standard of Review
"Since Defendant failed to object to the jury charge or any omission thereto, our review is limited to plain error." State v. Wright , 210 N.C. App. 52, 68, 708 S.E.2d 112, 124 (2011) (citation omitted). "For error to constitute plain error, a defendant must demonstrate that a fundamental error occurred at trial." State v. Lawrence , 365 N.C. 506, 518, 723 S.E.2d 326, 334 (2012) (citation omitted). "In other words, the inquiry is whether the defendant has shown that, 'absent the error, the jury probably would have returned a different verdict.' " State v. Carter , 366 N.C. 496, 500, 739 S.E.2d 548, 551 (2013) (quoting Lawrence , 365 N.C. at 519, 723 S.E.2d at 335 ).
B. Analysis
Here, as discussed above, the State presented sufficient evidence to support the charge of felony breaking or entering a place of worship. See Wright , 210 N.C. App. at 68, 708 S.E.2d at 124 ("Where the evidence is sufficient to support the offense submitted to the jury, it is not plain error for the trial court to refuse to submit a lesser charge."). Defendant has not demonstrated that the trial court's failure to instruct the jury on misdemeanor breaking or entering was error, much less plain error. See Goodman , 71 N.C. App. at 348, 322 S.E.2d at 412 (holding that where the State presented substantial evidence of the defendant's intent to commit larceny as an element of first-degree burglary, "we cannot say that the trial court's omission of an attempted misdemeanor breaking or entering instruction rises to the level of plain error[ ]"). Therefore, we hold that the trial court did not commit plain error in failing to instruct the jury on the lesser-included offense.
Conclusion
For the aforementioned reasons, we conclude that Defendant received a fair trial, free from error.
NO ERROR.
Report per Rule 30(e).
Judges ELMORE and MCCULLOUGH concur.